| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS | | **FILED** |
| FOR THE NINTH CIRCUIT | | MAR 30 2023 |
| | | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50048 |
| Plaintiff-Appellee, | D.C. No.<br>2:19-cr-00642-VAP-1 |
| v. | Central District of California, |
| IMAAD SHAH ZUBERI, | Los Angeles |
| Defendant-Appellant. | ORDER |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50084 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:20-cr-00155-VAP-1 |
| v. | 2:20-cr-00155-VAP |
| IMAAD SHAH ZUBERI, | |
| Defendant-Appellant. | |

The Court's September 28, 2022 order granted leave to appellant to file two separate opening briefs in these consolidated appeals.

On January 20, 2023, appellant's newly retained counsel submitted an opening brief and excerpts of record for public filing, challenging the guilty pleas entered below based on an alleged potential conflict of interest involving retained trial counsel, who continues to represent appellant in these appeals with respect to his sentencing issues.

On March 11, 2023, appellant's original counsel filed with the Classified Information Security (CIS) Office at the Department of Justice the classified opening brief and excerpts of record challenging the sentences in these proceedings on entirely different grounds.

The opening briefs in these consolidated appeals were due January 3, 2023. Due to a clerical oversight, appellant's timely motion for extension of time at DE 57 was not addressed, and the public brief was timely submitted within the new deadline requested by that motion. Appellant's subsequent motion at DE 63 for leave to file a late classified brief was not resolved because the brief was not ready to be filed at that time. In light of the technical and logistical issues relating to the preparation of the classified brief and excerpts, the Court allows the additional time that was required to submit the brief to the CIS Office on March 11, 2023, and both opening briefs are deemed timely submitted. The motions at DE 57 and 63 are therefore denied as unnecessary.

Appellant's motion for judicial notice (DE 58) is referred to the merits panel. Appellee's motion for extension of time to file the answering brief (DE 66) is granted.

Appellant has filed a motion pursuant to 9th Cir. R. 32-2(a) (DE 67) for leave to file a classified opening brief containing 19,864 words, which when combined

with the separately filed public brief of 4,270 words, exceeds by 10,134 words the 14,000-word limit set forth in 9th Cir. R. 32-1(a).

In light of the unusual nature of these proceedings, in which one brief is entirely based on an alleged conflict of interest involving the attorney filing the other brief, and the other brief is entirely based on classified material not available to the other attorney, and the diligence of both attorneys, the motion is granted in part and denied in part. *See* 9th Cir. R. 32-2 ("Except in capital cases, such motions will be granted only upon a showing of diligence and extraordinary and compelling need, such as in a multi-defendant criminal case involving a lengthy trial."). *See also Circuit Advisory Committee Note to Rule 32-2* ("In almost all cases, the limits provided suffice even for multiple or complex issues. Most overlength briefs could be shorter and unnecessarily burden the Court.").

The brief submitted to the CIS Officer on March 11, 2023 is ordered stricken. On or before April 28, 2023 at Noon PDT, appellant shall submit to the CIS Officer a classified opening brief containing no more than 16,500 words. On the same date, appellant shall submit for public filing, using the opening brief filing event, an unclassified cover page of the opening brief, with the certificate of compliance attached, and the complete addendum, which is not classified. Appellant shall also on that date submit for public filing, using the excerpts of record filing event, unclassified cover pages of all volumes of the classified

excerpts of record, including the Index Volume. The publicly submitted cover pages of the brief and excerpts shall contain in the caption the words "Classified Opening Brief" or "Classified Excerpts of Record."

The answering brief is now due June 28, 2023. Appellee shall file a public answering brief addressing the publicly filed opening brief and a classified answering brief addressing the classified opening brief.

In light of this order allowing additional words for the opening briefs, appellee may exceed the usual word limit without the need to seek permission if the combined total of both answering briefs does not exceed 18,000 words.

The optional reply briefs are due 21 days after service of the answering brief.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT


By: Susan V. Gelmis
Chief Deputy Clerk
Ninth Circuit Rule 27-7