# Nos. 21-50048(L), 21-50084

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### UNITED STATES OF AMERICA,
Appellee,

**v.**

### IMAAD SHAH ZUBERI,
Defendant-Appellant.

On Appeal From The United States District Court
for the Central District of California
The Hon. Virginia A. Phillips

## STATUTORY ADDENDUM
## OF APPELLANT

Robert J. Eatinger, Jr.
ROBERT J. EATINGER, JR., PLLC
12190 Abington Hall Place, Unit 208
Reston, VA  20190
(703) 774-4148
reatinger@eatingerlaw.com

Ashwin J. Ram
STEPTOE & JOHNSON LLP
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
(213) 439-9400
aram@steptoe.com

Bruce C. Bishop
Steptoe & Johnson LLP
1330 Connecticut Ave. N.W.
Washington, D.C.  20036
(202) 429-6747
bbishop@steptoe.com

*Attorneys for Defendant-Appellant Imaad Shah Zuberi*

1

# TABLE OF CONTENTS

18 U.S.C. § 3661 ...................................................................................1

Classified Information Procedures Act, 18 U.S.C.A. App. 3 ...................................1

    § 1. Definitions ...................................................................1

    § 2. Pretrial conference ...........................................................1

    § 3. Protective orders .............................................................2

    § 4. Discovery of classified information by defendants ..............................2

    § 5. Notice of defendant's intention to disclose classified information ..........2

    § 6. Procedure for cases involving classified information ...........................3

    § 7. Interlocutory appeal ..........................................................6

    § 8. Introduction of classified information .......................................6

Executive Order 13526 Classified National Security Information (December 29, 2009) ...................................................................................8

PART 1 ORIGINAL CLASSIFICATION ...................................................................8

    Section 1.1.Classification Standards. .............................................8

    Sec. 1.3.  Classification Authority. ...............................................9

    Sec. 1.5.  Duration of Classification. ............................................12

    Sec. 1.6.  Identification and Markings. ...........................................12

    Sec. 1.7.  Classification Prohibitions and Limitations. ...........................14

PART 2  DERIVATIVE CLASSIFICATION ...............................................................14

    Sec. 2.1.  Use of Derivative Classification. ......................................14

PART 4  SAFEGUARDING .............................................................................15

    Sec. 4.1.  General Restrictions on Access. ........................................15

i

PART 5  IMPLEMENTATION AND REVIEW ....................................................16

    Sec. 5.2.  Information Security Oversight Office..........................................16

PART 6  GENERAL PROVISIONS ..........................................................16

    Sec. 6.1.  Definitions..................................................................16

32 C.F.R. Part 2001   Classified National Security Information ............................19

    §2001.10 Classification standards. ....................................................19

    §2001.11  Original classification authority. ...........................................19

    § 2001.21 Original classification....................................................19

    § 2001.22 Derivative classification. .................................................22

*Marking Classified National Security Information*
(Information Security Oversight Office, Rev. 4, Jan. 2018) ......................026

    Section 1: Required Elements of Marking ...................................027

    Section 2: Derivative Classification Marking ............................041

    Section 6: Quick Reference ........................................................045

**18 U.S.C. § 3661**

**§3661. Use of information for sentencing**

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

**Classified Information Procedures Act,
18 U.S.C.A. App. 3**

**§ 1. Definitions**

(a) "Classified information", as used in this Act, means any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security and any restricted data, as defined in paragraph r. of section 11 of the Atomic Energy Act of 1954 (42 U.S.C. 2014(y)).

(b) "National security", as used in this Act, means the national defense and foreign relations of the United States.

**§ 2. Pretrial conference**

At any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. Following such motion, or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by section 6 of this Act. In addition, at the pretrial conference the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial. No admission made by the defendant or by any attorney for the defendant at such a conference may be used against the defendant unless the admission is in writing and is signed by the defendant and by the attorney for the defendant.

## § 3. Protective orders

Upon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district court of the United States.

## § 4. Discovery of classified information by defendants

The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

## § 5. Notice of defendant's intention to disclose classified information

### (a) Notice by defendant

If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information. Whenever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter and shall include a brief description of the classified information. No defendant shall disclose any information known or believed to be classified in connection with a trial or pretrial proceeding until notice has been given under this subsection and until the United States has been afforded a reasonable opportunity to seek a determination pursuant to the procedure set forth in section 6 of this Act, and until the time for the United States to appeal such determination under section 7 has expired or any appeal under section 7 by the United States is decided.

2

*(b) Failure to comply*

If the defendant fails to comply with the requirements of subsection (a) the court may preclude disclosure of any classified information not made the subject of notification and may prohibit the examination by the defendant of any witness with respect to any such information.

## § 6. Procedure for cases involving classified information

*(a) Motion for hearing*

Within the time specified by the court for the filing of a motion under this section, the United States may request the court to conduct a hearing to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial or pretrial proceeding. Upon such a request, the court shall conduct such a hearing. Any hearing held pursuant to this subsection (or any portion of such hearing specified in the request of the Attorney General) shall be held in camera if the Attorney General certifies to the court in such petition that a public proceeding may result in the disclosure of classified information. As to each item of classified information, the court shall set forth in writing the basis for its determination. Where the United States' motion under this subsection is filed prior to the trial or pretrial proceeding, the court shall rule prior to the commencement of the relevant proceeding.

*(b) Notice*

(1) Before any hearing is conducted pursuant to a request by the United States under subsection (a), the United States shall provide the defendant with notice of the classified information that is at issue. Such notice shall identify the specific classified information at issue whenever that information previously has been made available to the defendant by the United States. When the United States has not previously made the information available to the defendant in connection with the case, the information may be described by generic category, in such form as the court may approve, rather than by identification of the specific information of concern to the United States.

(2) Whenever the United States requests a hearing under subsection (a), the court, upon request of the defendant, may order the United States to provide the defendant, prior to trial, such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing.

3

*(c) Alternative procedure for disclosure of classified information*

(1) Upon any determination by the court authorizing the disclosure of specific classified information under the procedures established by this section, the United States may move that, in lieu of the disclosure of such specific classified information, the court order--

> (A) the substitution for such classified information of a statement admitting relevant facts that the specific classified information would tend to prove; or

> (B) the substitution for such classified information of a summary of the specific classified information.

The court shall grant such a motion of the United States if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information. The court shall hold a hearing on any motion under this section. Any such hearing shall be held in camera at the request of the Attorney General.

(2) The United States may, in connection with a motion under paragraph (1), submit to the court an affidavit of the Attorney General certifying that disclosure of classified information would cause identifiable damage to the national security of the United States and explaining the basis for the classification of such information. If so requested by the United States, the court shall examine such affidavit in camera and ex parte.

*(d) Sealing of records of in camera hearings*

If at the close of an in camera hearing under this Act (or any portion of a hearing under this Act that is held in camera) the court determines that the classified information at issue may not be disclosed or elicited at the trial or pretrial proceeding, the record of such in camera hearing shall be sealed and preserved by the court for use in the event of an appeal. The defendant may seek reconsideration of the court's determination prior to or during trial.

*(e) Prohibition on disclosure of classified information by defendant, relief for defendant when United States opposes disclosure*

(1) Whenever the court denies a motion by the United States that it issue an order under subsection (c) and the United States files with the court an affidavit of the Attorney General objecting to disclosure of the classified information at issue, the court shall order that the defendant not disclose or cause the disclosure of such information.

(2) Whenever a defendant is prevented by an order under paragraph (1) from disclosing or causing the disclosure of classified information, the court shall dismiss the indictment or information; except that, when the court determines that the interests of justice would not be served by dismissal of the indictment or information, the court shall order such other action, in lieu of dismissing the indictment or information, as the court determines is appropriate. Such action may include, but need not be limited to—

    (A) dismissing specified counts of the indictment or information;

    (B) finding against the United States on any issue as to which the excluded classified information relates; or

    (C) striking or precluding all or part of the testimony of a witness.

An order under this paragraph shall not take effect until the court has afforded the United States an opportunity to appeal such order under section 7, and thereafter to withdraw its objection to the disclosure of the classified information at issue.

*(f) Reciprocity*

Whenever the court determines pursuant to subsection (a) that classified information may be disclosed in connection with a trial or pretrial proceeding, the court shall, unless the interests of fairness do not so require, order the United States to provide the defendant with the information it expects to use to rebut the classified information. The court may place the United States under a continuing duty to disclose such rebuttal information. If the United States fails to comply with its obligation under this subsection, the court may exclude any evidence not made the subject of a required disclosure and may prohibit the examination by the United States of any witness with respect to such information.

## § 7. Interlocutory appeal

(a) An interlocutory appeal by the United States taken before or after the defendant has been placed in jeopardy shall lie to a court of appeals from a decision or order of a district court in a criminal case authorizing the disclosure of classified information, imposing sanctions for nondisclosure of classified information, or refusing a protective order sought by the United States to prevent the disclosure of classified information.

(b) An appeal taken pursuant to this section either before or during trial shall be expedited by the court of appeals. Prior to trial, an appeal shall be taken within fourteen days after the decision or order appealed from and the trial shall not commence until the appeal is resolved. If an appeal is taken during trial, the trial court shall adjourn the trial until the appeal is resolved and the court of appeals (1) shall hear argument on such appeal within four days of the adjournment of the trial, excluding intermediate weekends and holidays, (2) may dispense with written briefs other than the supporting materials previously submitted to the trial court, (3) shall render its decision within four days of argument on appeal, excluding intermediate weekends and holidays, and (4) may dispense with the issuance of a written opinion in rendering its decision. Such appeal and decision shall not affect the right of the defendant, in a subsequent appeal from a judgment of conviction, to claim as error reversal by the trial court on remand of a ruling appealed from during trial.

## § 8. Introduction of classified information

### (a) Classification status

Writings, recordings, and photographs containing classified information may be admitted into evidence without change in their classification status.

### (b) Precautions by court

The court, in order to prevent unnecessary disclosure of classified information involved in any criminal proceeding, may order admission into evidence of only part of a writing, recording, or photograph, or may order admission into evidence of the whole writing, recording, or photograph with excision of some or all of the classified information contained therein, unless the whole ought in fairness be considered.

6

*(c) Taking of testimony*

During the examination of a witness in any criminal proceeding, the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found to be admissible. Following such an objection, the court shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information. Such action may include requiring the United States to provide the court with a proffer of the witness' response to the question or line of inquiry and requiring the defendant to provide the court with a proffer of the nature of the information he seeks to elicit.

**Executive Order 13526**
**Classified National Security Information**
(December 29, 2009)

This order prescribes a uniform system for classifying, safeguarding, and declassifying national security information, including information relating to defense against transnational terrorism. Our democratic principles require that the American people be informed of the activities of their Government. Also, our Nation's progress depends on the free flow of information both within the Government and to the American people. Nevertheless, throughout our history, the national defense has required that certain information be maintained in confidence in order to protect our citizens, our democratic institutions, our homeland security, and our interactions with foreign nations. Protecting information critical to our Nation's security and demonstrating our commitment to open Government through accurate and accountable application of classification standards and routine, secure, and effective declassification are equally important priorities.

NOW, THEREFORE, I, BARACK OBAMA, by the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered as follows:

# PART 1 ORIGINAL CLASSIFICATION

**Section 1.1.Classification Standards**.

(a) Information may be originally classified under the terms of this order only if all of the following conditions are met:

(1) an original classification authority is classifying the information;

(2) the information is owned by, produced by or for, or is under the control of the United States Government;

(3) the information falls within one or more of the categories of information listed in section 1.4 of this order; and

(4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage.

(b) If there is significant doubt about the need to classify information, it shall not be classified. This provision does not:

(1) amplify or modify the substantive criteria or procedures for classification; or

(2) create any substantive or procedural rights subject to judicial review.

(c) Classified information shall not be declassified automatically as a result of any unauthorized disclosure of identical or similar information.

(d) The unauthorized disclosure of foreign government information is presumed to cause damage to the national security.

### Sec. 1.2.  Classification Levels.

(a) Information may be classified at one of the following three levels:

(1) "Top Secret" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause exceptionally grave damage to the national security that the original classification authority is able to identify or describe.

(2) "Secret" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause serious damage to the *708 national security that the original classification authority is able to identify or describe.

(3) "Confidential" shall be applied to information, the unauthorized disclosure of which reasonably could be expected to cause damage to the national security that the original classification authority is able to identify or describe.

(b) Except as otherwise provided by statute, no other terms shall be used to identify United States classified information.

(c) If there is significant doubt about the appropriate level of classification, it shall be classified at the lower level.

### Sec. 1.3.  Classification Authority.

(a) The authority to classify information originally may be exercised only by:

(1) the President and the Vice President;

(2) agency heads and officials designated by the President; and

(3) United States Government officials delegated this authority pursuant to paragraph (c) of this section.

(b) Officials authorized to classify information at a specified level are also authorized to classify information at a lower level.

(c) Delegation of original classification authority.

(1) Delegations of original classification authority shall be limited to the minimum required to administer this order. Agency heads are responsible for ensuring that designated subordinate officials have a demonstrable and continuing need to exercise this authority.

(2) "Top Secret" original classification authority may be delegated only by the President, the Vice President, or an agency head or official designated pursuant to paragraph (a)(2) of this section.

(3) "Secret" or "Confidential" original classification authority may be delegated only by the President, the Vice President, an agency head or official designated pursuant to paragraph (a)(2) of this section, or the senior agency official designated under section 5.4(d) of this order, provided that official has been delegated "Top Secret" original classification authority by the agency head.

(4) Each delegation of original classification authority shall be in writing and the authority shall not be redelegated except as provided in this order. Each delegation shall identify the official by name or position.

(5) Delegations of original classification authority shall be reported or made available by name or position to the Director of the Information Security Oversight Office.

(d) All original classification authorities must receive training in proper classification (including the avoidance of over-classification) and declassification as provided in this order and its implementing directives at least once a calendar year. Such training must include instruction on the proper safeguarding of classified information and on the sanctions in section 5.5 of this order that may be brought against an individual who fails to classify information properly or protect classified information from unauthorized disclosure. Original classification authorities who do not receive such mandatory training at least once within a calendar year shall have their classification authority suspended by the agency head or the senior agency official designated under section 5.4(d) of this order until such training has taken place. A waiver may be granted by the agency head, the

10

deputy agency head, or the senior agency official if an individual is unable to receive such training due to unavoidable circumstances. Whenever a waiver is granted, the individual shall receive such training as soon as practicable.

(e) Exceptional cases. When an employee, government contractor, licensee, certificate holder, or grantee of an agency who does not have original classification authority originates information believed by that person to require classification, the information shall be protected in a manner consistent with this order and its implementing directives. The information shall be transmitted promptly as provided under this order or its implementing directives to the agency that has appropriate subject matter interest and classification authority with respect to this information. That agency shall decide within 30 days whether to classify this information.

### Sec. 1.4. Classification Categories.

Information shall not be considered for classification unless its unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security in accordance with section 1.2 of this order, and it pertains to one or more of the following:

(a) military plans, weapons systems, or operations;

(b) foreign government information;

(c) intelligence activities (including covert action), intelligence sources or methods, or cryptology;

(d) foreign relations or foreign activities of the United States, including confidential sources;

(e) scientific, technological, or economic matters relating to the national security;

(f) United States Government programs for safeguarding nuclear materials or facilities;

(g) vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security; or (h) the development, production, or use of weapons of mass destruction.

**Sec. 1.5.  Duration of Classification.**

(a) At the time of original classification, the original classification authority shall establish a specific date or event for declassification based on the duration of the national security sensitivity of the information. Upon reaching the date or event, the information shall be automatically declassified. Except for information that should clearly and demonstrably be expected to reveal the identity of a confidential human source or a human intelligence source or key design concepts of weapons of mass destruction, the date or event shall not exceed the time frame established in paragraph (b) of this section.

(b) If the original classification authority cannot determine an earlier specific date or event for declassification, information shall be marked for declassification 10 years from the date of the original decision, unless the original classification authority otherwise determines that the sensitivity of the information requires that it be marked for declassification for up to 25 years from the date of the original decision.

(c) An original classification authority may extend the duration of classification up to 25 years from the date of origin of the document, change the level of classification, or reclassify specific information only when the standards and procedures for classifying information under this order are followed.

(d) No information may remain classified indefinitely. Information marked for an indefinite duration of classification under predecessor orders, for example, marked as "Originating Agency's Determination Required," or classified information that contains incomplete declassification instructions or lacks declassification instructions shall be declassified in accordance with part 3 of this order.

**Sec. 1.6.  Identification and Markings.**

(a) At the time of original classification, the following shall be indicated in a manner that is immediately apparent:

(1) one of the three classification levels defined in section 1.2 of this order;

(2) the identity, by name and position, or by personal identifier, of the original classification authority;

(3) the agency and office of origin, if not otherwise evident;

(4) declassification instructions, which shall indicate one of the following:

....

(A) the date or event for declassification, as prescribed in section 1.5(a);

(B) the date that is 10 years from the date of original classification, as prescribed in section 1.5(b);

(C) the date that is up to 25 years from the date of original classification, as prescribed in section 1.5(b); or

(D) in the case of information that should clearly and demonstrably be expected to reveal the identity of a confidential human source or a human intelligence source or key design concepts of weapons of mass destruction, the marking prescribed in implementing directives issued pursuant to this order; and

(5) a concise reason for classification that, at a minimum, cites the applicable classification categories in section 1.4 of this order.

(b) Specific information required in paragraph (a) of this section may be excluded if it would reveal additional classified information.

(c) With respect to each classified document, the agency originating the document shall, by marking or other means, indicate which portions are classified, with the applicable classification level, and which portions are unclassified. In accordance with standards prescribed in directives issued under this order, the Director of the Information Security Oversight Office may grant and revoke temporary waivers of this requirement. The Director shall revoke any waiver upon a finding of abuse.

(d) Markings or other indicia implementing the provisions of this order, including abbreviations and requirements to safeguard classified working papers, shall conform to the standards prescribed in implementing directives issued pursuant to this order.

....

13

**Sec. 1.7.  Classification Prohibitions and Limitations.**

(a) In no case shall information be classified, continue to be maintained as classified, or fail to be declassified in order to:

(1) conceal violations of law, inefficiency, or administrative error;

(2) prevent embarrassment to a person, organization, or agency;

(3) restrain competition; or

(4) prevent or delay the release of information that does not require protection in the interest of the national security.

....

## PART 2  DERIVATIVE CLASSIFICATION

**Sec. 2.1.  Use of Derivative Classification.**

(a) Persons who reproduce, extract, or summarize classified information, or who apply classification markings derived from source material or as directed by a classification guide, need not possess original classification authority.

(b) Persons who apply derivative classification markings shall:

(1) be identified by name and position, or by personal identifier, in a manner that is immediately apparent for each derivative classification action;

(2) observe and respect original classification decisions; and

(3) carry forward to any newly created documents the pertinent classification markings. For information derivatively classified based on multiple sources, the derivative classifier shall carry forward:

(A) the date or event for declassification that corresponds to the longest period of classification among the sources, or the marking established pursuant to section 1.6(a)(4)(D) of this order; and

(B) a listing of the source materials.

(c) Derivative classifiers shall, whenever practicable, use a classified addendum whenever classified information constitutes a small portion of an otherwise

14

unclassified document or prepare a product to allow for dissemination at the lowest level of classification possible or in unclassified form.

(d) Persons who apply derivative classification markings shall receive training in the proper application of the derivative classification principles of the order, with an emphasis on avoiding over-classification, at least once every 2 years. Derivative classifiers who do not receive such training at least once every 2 years shall have their authority to apply derivative classification markings suspended until they have received such training. A waiver may be granted by the agency head, the deputy agency head, or the senior agency official if an individual is unable to receive such training due to unavoidable circumstances. Whenever a waiver is granted, the individual shall receive such training as soon as practicable.

....

## PART 4  SAFEGUARDING

### Sec. 4.1.  General Restrictions on Access.

(a) A person may have access to classified information provided that:

(1) a favorable determination of eligibility for access has been made by an agency head or the agency head's designee;

(2) the person has signed an approved nondisclosure agreement; and

(3) the person has a need-to-know the information.

(b) Every person who has met the standards for access to classified information in paragraph (a) of this section shall receive contemporaneous training on the proper safeguarding of classified information and on the criminal, civil, and administrative sanctions that may be imposed on an individual who fails to protect classified information from unauthorized disclosure.

(c) An official or employee leaving agency service may not remove classified information from the agency's control or direct that information be declassified in order to remove it from agency control.

(d) Classified information may not be removed from official premises without proper authorization.

(e) Persons authorized to disseminate classified information outside the executive branch shall ensure the protection of the information in a manner equivalent to that provided within the executive branch.

....

## PART 5  IMPLEMENTATION AND REVIEW

....

### Sec. 5.2.  Information Security Oversight Office.

(a) There is established within the National Archives an Information Security Oversight Office. The Archivist shall appoint the Director of the Information Security Oversight Office, subject to the approval of the President.

(b) Under the direction of the Archivist, acting in consultation with the National Security Advisor, the Director of the Information Security Oversight Office shall:

(1) develop directives for the implementation of this order;

(2) oversee agency actions to ensure compliance with this order and its implementing directives;

....

## PART 6  GENERAL PROVISIONS

### Sec. 6.1.  Definitions.

For purposes of this order:

....

(i) "Classified national security information" or "classified information" means information that has been determined pursuant to this order or any predecessor order to require protection against unauthorized disclosure and is marked to indicate its classified status when in documentary form.

....

16

(l) "Damage to the national security" means harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, taking into consideration such aspects of the information as the sensitivity, value, utility, and provenance of that information.

....

(o) "Derivative classification" means the incorporating, paraphrasing, restating, or generating in new form information that is already classified, and marking the newly developed material consistent with the classification markings that apply to the source information. Derivative classification includes the classification of information based on classification guidance. The duplication or reproduction of existing classified information is not derivative classification.

(p) "Document" means any recorded information, regardless of the nature of the medium or the method or circumstances of recording.

....

(t) "Information" means any knowledge that can be communicated or documentary material, regardless of its physical form or characteristics, that is owned by, is produced by or for, or is under the control of the United States Government.

....

(x) "Intelligence" includes foreign intelligence and counterintelligence as defined by Executive Order 12333 of December 4, 1981, as amended, or by a successor order.

(y) "Intelligence activities" means all activities that elements of the Intelligence Community are authorized to conduct pursuant to law or Executive Order 12333, as amended, or a successor order.

(z) "Intelligence Community" means an element or agency of the U.S. Government identified in or designated pursuant to section 3(4) of the National Security Act of 1947, as amended, or section 3.5(h) of Executive Order 12333, as amended.

....

(cc) "National security" means the national defense or foreign relations of the United States.

17

(dd) "Need-to-know" means a determination within the executive branch in accordance with directives issued pursuant to this order that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function.

....

(ff) "Original classification" means an initial determination that information requires, in the interest of the national security, protection against unauthorized disclosure.

(gg) "Original classification authority" means an individual authorized in writing, either by the President, the Vice President, or by agency heads or other officials designated by the President, to classify information in the first instance.

....

(mm) "Senior agency official" means the official designated by the agency head under section 5.4(d) of this order to direct and administer the agency's program under which information is classified, safeguarded, and declassified.

(nn) "Source document" means an existing document that contains classified information that is incorporated, paraphrased, restated, or generated in new form into a new document.

....

BARACK OBAMA

THE WHITE HOUSE, December 29, 2010.

**32 C.F.R. Part 2001**
**Classified National Security Information**

**§2001.10 Classification standards.**

Identifying or describing damage to the national security. Section 1.1(a) of the Order specifies the conditions that must be met when making classification decisions. Section 1.4 specifies that information shall not be considered for classification unless its unauthorized disclosure could reasonably be expected to cause identifiable or describable damage to the national security. There is no requirement, at the time of the decision, for the original classification authority to prepare a written description of such damage. However, the original classification authority must be able to support the decision in writing, including identifying or describing the damage, should the classification decision become the subject of a challenge or access demand pursuant to the Order or law.

**§2001.11  Original classification authority.**

(a) General. Agencies shall establish a training program for original classifiers in accordance with subpart G of this part.

....

(c) Reporting delegations of original classification authority. All delegations of original classification authority shall be reported to the Director of ISOO. This can be accomplished by an initial submission followed by updates on a frequency determined by the senior agency official, but at least annually.

....

**§ 2001.21 Original classification.**

(a) *Primary markings.* At the time of original classification, the following shall be indicated in a manner that is immediately apparent:

(1) *Classification authority.* The name and position, or personal identifier, of the original classification authority shall appear on the "Classified By" line. An example might appear as:

Classified By: David Smith, Chief, Division 5 or

Classified By: ID#IMNO1

19

(2) *Agency and office of origin*. If not otherwise evident, the agency and office of origin shall be identified and follow the name on the "Classified By" line. An example might appear as:

> Classified By: David Smith, Chief, Division 5, Department of Good Works, Office of Administration.

(3) *Reason for classification*. The original classification authority shall identify the reason(s) for the decision to classify. The original classification authority shall include on the "Reason" line the number 1.4 plus the letter(s) that corresponds to that classification category in section 1.4 of the Order.

(i) These categories, as they appear in the Order, are as follows:

(A) Military plans, weapons systems, or operations;

(B) Foreign government information;

(C) Intelligence activities (including covert action), intelligence sources or methods, or cryptology;

(D) Foreign relations or foreign activities of the United States, including confidential sources;

(E) Scientific, technological, or economic matters relating to the national security;

(F) United States Government programs for safeguarding nuclear materials or facilities;

(G) Vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security; or

(H) The development, production, or use of weapons of mass destruction.

(ii) An example might appear as:

> Classified By: David Smith, Chief, Division 5, Department of Good Works, Office of Administration Reason: 1.4(g)

(4) *Declassification instructions*.

....

20

(b) *Overall marking*. The highest level of classification is determined by the highest level of any one portion within the document and shall appear in a way that will distinguish it clearly from the informational text.

(1) Conspicuously place the overall classification at the top and bottom of the outside of the front cover (if any), on the title page (if any), on the first page, and on the outside of the back cover (if any).

(2) For documents containing information classified at more than one level, the overall marking shall be the highest level. For example, if a document contains some information marked "Secret" and other information marked "Confidential," the overall marking would be "Secret."

(3) Each interior page of a classified document shall be marked at the top and bottom either with the highest level of classification of information contained on that page, including the designation "Unclassified" when it is applicable, or with the highest overall classification of the document.

(c) *Portion marking.* Each portion of a document, ordinarily a paragraph, but including subjects, titles, graphics, tables, charts, bullet statements, sub-paragraphs, classified signature blocks, bullets and other portions within slide presentations, and the like, shall be marked to indicate which portions are classified and which portions are unclassified by placing a parenthetical symbol immediately preceding the portion to which it applies.

(1) To indicate the appropriate classification level, the symbols "(TS)" for Top Secret, "(S)" for Secret, and "(C)" for Confidential will be used.

(2) Portions which do not meet the standards of the Order for classification shall be marked with "(U)" for Unclassified.

(3) In cases where portions are segmented such as paragraphs, sub-paragraphs, bullets, and sub-bullets and the classification level is the same throughout, it is sufficient to put only one portion marking at the beginning of the main paragraph or main bullet. If there are different levels of classification among these segments, then all segments shall be portion marked separately in order to avoid over-classification of any one segment. If the information contained in a sub-paragraph or sub-bullet is a higher level of classification than its parent paragraph or parent bullet, this does not make the parent paragraph or parent bullet classified at that same level. Each portion shall reflect the classification level of that individual portion and not any other portions. At the same time, any portion, no matter what its status, is still capable of determining the overall classification of the document.

21

(d) *Dissemination control and handling markings*. Many agencies require additional control and handling markings that supplement the overall classification markings. See § 2001.24(j) for specific guidance.

(e) *Date of origin of document*. The date of origin of the document shall be indicated in a manner that is immediately apparent.

## § 2001.22 Derivative classification.

(a) *General*. Information classified derivatively on the basis of source documents or classification guides shall bear all markings prescribed in § 2001.20 and § 2001.21, except as provided in this section. Information for these markings shall be carried forward from the source document or taken from instructions in the appropriate classification guide.

(b) Identity of persons who apply derivative classification markings. Derivative classifiers shall be identified by name and position, or by personal identifier, in a manner that is immediately apparent on each derivatively classified document. If not otherwise evident, the agency and office of origin shall be identified and follow the name on the "Classified By" line. An example might appear as:

Classified By: Peggy Jones, Lead Analyst, Research and Analysis Division or

Classified By: ID # IMN01

(c) *Source of derivative classification*.

(1) The derivative classifier shall concisely identify the source document or the classification guide on the "Derived From" line, including the agency and, where available, the office of origin, and the date of the source or guide. An example might appear as:

Derived From: Memo, "Funding Problems," October 20, 2008, Office of Administration, Department of Good Works or

Derived From: CG No. 1, Department of Good Works, dated October 20, 2008

(i) When a document is classified derivatively on the basis of more than one source document or classification guide, the "Derived From" line shall appear as:

Derived From: Multiple Sources

(ii) The derivative classifier shall include a listing of the source materials on, or attached to, each derivatively classified document.

(2) A document derivatively classified on the basis of a source document that is itself marked "Multiple Sources" shall cite the source document on its "Derived From" line rather than the term "Multiple Sources." An example might appear as:

> Derived From: Report entitled, "New Weapons," dated October 20, 2009, Department of Good Works, Office of Administration

(d) *Reason for classification*. The reason for the original classification decision, as reflected in the source document(s) or classification guide, is not transferred in a derivative classification action.

(e) *Declassification instructions*.

....

(f) *Overall marking*. The derivative classifier shall conspicuously mark the classified document with the highest level of classification of information included in the document, as provided in § 2001.21(b).

(g) *Portion marking*. Each portion of a derivatively classified document shall be marked immediately preceding the portion to which it applies, in accordance with its source, and as provided in § 2001.21(c).

(h) *Dissemination control and handling markings*. Many agencies require additional control and handling markings that supplement the overall classification markings. See § 2001.24(j) for specific guidance.

(i) *Date of origin of document*. The date of origin of the document shall be indicated in a manner that is immediately apparent.

**§2001.40  General.**

....

(d)  Need-to-know determinations.

(1) Agency heads, through their designees, shall identify 1) Agency heads, through their designees, shall identify organizational missions and personnel requiring access to classified information to perform or assist in authorized governmental functions. These mission and personnel requirements are determined by the functions of an agency or the roles and responsibilities of personnel in the course of their official duties. Personnel determinations shall be consistent with section 4.1(a) of the Order.

(2) In instances where the provisions of section 4.1(a) of the Order are met, but there is a countervailing need to restrict the information, disagreements that cannot be resolved shall be referred by agency heads or designees to either the Director of ISOO or, with respect to the Intelligence Community, the Director of National Intelligence, as appropriate. Disagreements concerning information protected under section 4.3 of the Order shall instead be referred to the appropriate official named in section 4.3 of the Order.

ISOO HANDBOOK 2018-01: This guidance document does not have the force and effect of law and is not meant to bind the public, except as authorized by law or regulation or as incorporated into a contract. Accordingly, this guidance document only provides clarity regarding existing requirements under the law or agency policies. This guidance document is binding on agency actions as authorized under applicable statute, executive order, regulation, or similar authority.

# Marking Classified National Security Information

### AS REQUIRED BY
### EXECUTIVE ORDER 13526, CLASSIFIED NATIONAL SECURITY INFORMATION
### DECEMBER 29, 2009, AND
### 32 CFR PART 2001, ISOO IMPLEMENTING DIRECTIVE
### JUNE 25, 2010



# DECEMBER 2010
# Revision 4, January 2018

This document is **UNCLASSIFIED**.  Any classification markings are for training use only.

| | | |
|---|---|---:|
| **Introduction** | | **ii** |
| | | |
| **SECTION 1:** | **Required Elements of Marking** | **1** |
| | Portion Marking | 3 |
| | Overall Classification Marking | 7 |
| | Classification Authority Block | 9 |
| | | |
| **SECTION 2:** | **Derivative Classification Markings** | **13** |
| | Examples | 14 |
| | Declassification Instruction Missing from Source Document | 16 |
| | Use of 25X1 through 25X9 Exemptions | 17 |
| | Security Classification Guides | 18 |
| | Classification by Compilation | 20 |
| | | |
| **SECTION 3:** | **Marking Examples** | **23** |
| | E-Mail | 24 |
| | Excel Spreadsheets | 28 |
| | Working Papers | 29 |
| | Databases | 30 |
| | Classification Markings in the Electronic Environment | 30 |
| | | |
| **SECTION 4:** | **Legacy Markings** | **31** |
| | | |
| **SECTION 5:** | **Additional or Special Markings** | **35** |
| | Classification Extensions | 36 |
| | Foreign Government Information | 37 |
| | Commingling RD/FRD with NSI | 38 |
| | Transmittal Documents | 39 |
| | Options for Marking Complex Slides | 41 |
| | Declassified Documents | 43 |
| | Marking of Electronic Storage Equipment | 44 |
| | | |
| **SECTION 6:** | **Quick Reference** | 45 |

**026**

# INTRODUCTION

Executive Order (E.O.) 13526 and its implementing directive, 32 CFR Part 2001, prescribe a uniform security classification system. This system requires that standard markings be applied to classified information. Except in extraordinary circumstances, or as approved by the Director of the Information Security Oversight Office (ISOO), the marking of classified information shall not deviate from the prescribed formats. Markings shall be uniformly and conspicuously applied to leave no doubt about the classified status of the information, the level of protection required, and the duration of classification. Since a booklet of this size cannot illustrate every conceivable situation, please refer to the implementing directive, other ISOO issuances, and any instructions issued by your organization for further clarification. Consult your security manager if you have any questions.

This booklet is unclassified, and as it is in the public domain, it may be reproduced without permission. All classification markings used are for illustration purposes only. All previous booklets and the guidance contained in them are rescinded.

**Reminders**

➢ Original classification is the initial determination that information required, in the interest of the national security, protection against unauthorized disclosure.

- Only individuals *specifically authorized in writing* by the President, the Agency Head, or the Senior Agency Official may classify documents originally. OCAs must receive training on their responsibilities annually.

➢ Derivative classification is the incorporating, paraphrasing, restating, or generating in new form information that is already classified, and marking the newly developed material consistent with the classification markings that apply to the source document.

- Only individuals with the appropriate security clearance, who are required by their work to restate classified source information, may derivatively classify information. Derivative classifiers are required to receive training at least once every two years.

➢ Markings other than "Top Secret," "Secret," and "Confidential" shall not be used to identify classified national security information.

➢ Information shall not be classified for any reason unrelated to the protection of the national security.

➢ Classifiers and authorized holders are responsible for ensuring that information is appropriately classified and properly marked.

➢ Individuals who believe that information in their possession is inappropriately classified, or inappropriately unclassified, are expected to bring their concerns to the attention of responsible officials.

# Section 1:
# Required Elements of Marking

**Required markings under E.O. 13526 include:**

➢ Portion markings;

➢ Overall classification markings; and

➢ Classification authority block consisting of:

- A "Classified By" line to include the identity, by name <u>and</u> position, or by personal identifier of the classifier, and if not otherwise evident, the agency and office of origin.

- The **"Reason" for classification as provided in section 1.4 of the Order for originally classified documents**, <u>or</u> **"Derived From" for derivatively classified documents**.

- A "Declassify On" line which shall indicate one of the following durations of classification:

  ✓ A date or event for declassification that corresponds to the lapse of the information's national security sensitivity, which is equal to or less than 10 years from the date of the original decision.

  ✓ A date not to exceed 25 years from the date of the document creation.

  ✓ If the classified information should clearly and demonstrably be expected to reveal the identity of a confidential human source or a human intelligence source, no date or event shall be annotated and the marking "50X1-HUM" shall be used.

  ✓ If the classified information should clearly and demonstrably be expected to reveal key design concepts of weapons of mass destruction, no date or event shall be annotated and the marking "50X2-WMD" shall be used.

  ✓ 25X1 through 25X9, with a date or event (as approved by ISCAP)

---

*Note:  Refer to ISOO Notice 2018-01 if using an event for a declassification instruction.*

## Portion Marking

### What constitutes a portion?
*(This list is not all inclusive)*

> Title
> Subject
> Paragraphs/sub-paragraphs
> Bullet points/sub-bullet points
> Graphics (maps, photos, pictures, etc.)
> Tables
> Charts

### Why do we portion mark?

Portion markings identify the information that must be protected and the level of protection that is required.

 ***Documents that are not portion marked shall not be used as source documents for derivatively classified documents.***

Portion marking is a requirement on <u>all</u> classified documents; originally classified and derivatively classified to include e-mails. This also applies to all unclassified documents (including e-mails) that reside on a classified system.

*NOTE: Portion marking waivers may be requested by an agency head or senior agency official. Such requests shall be submitted to the Director of ISOO. See 32 CFR Part 2001.24(k) for more information.*

## Portion Marking

*Examples*

> TITLE:
>
> (U) Required Elements of Marking

> Subject:  (U) Required Elements of Marking
>
> 1.  (S) The implementing directive, 32 CFR 2001.21, defines a portion as "ordinarily a paragraph, but including subjects, titles, graphics, tables, charts, bullet statements, sub-paragraphs, classified signature blocks, bullets, and other portions within slide presentations.
>
>    a.  (U) All portions must be appropriately marked to indicate which portions are classified and which portions are not classified.

- (U) Main bullet point 1
  - (S) Sub-bullet 1
  - (U) Sub-bullet 2
  - (TS) Sub-bullet 3
  - (C) Sub-bullet 4
  - (S) Sub-bullet 5



The map itself is considered a portion and is marked top and bottom with the classification of the map as a whole.  For graphics, it is recommended you spell out the classification so that it is clearly visible.

**Portion Marking**

## *Examples*

> **(U) Examples of**
> **PowerPoint Slide**
> **Markings**
>
> May 27, 2010

---

**(U) Example of Slide Markings**

• (S) This bullet contains "Secret" information. Therefore, this portion will be marked with the designation "S" in parentheses preceding the portion.
• (U) This bullet contains "Unclassified" information. Therefore this portion will be marked with the designation "U" in parentheses preceding the portion.

---

(U) This slide demonstrates how to properly portion mark a slide that contains a chart, graph, picture, etc. The title of the graph is portion marked and the graph as a separate object is portion marked.

(U) The text is also portion marked.



In this example, the portion marking applied to the graphic is spelled out **(SECRET)** instead of being abbreviated. This is a recommended way to apply markings that provide distinction between the classified status of a graphic, the title of a graphic, and the overall classification of a slide.

## Portion Marking



Portion marking of the title

**(U) ISOO'S MISSION**
(S) We support the President by ensuring that the Government protects and provides proper access to information to advance the national and public interest. We lead efforts to standardize and assess the management of classified and controlled unclassified information through oversight, policy development, guidance, education, and reporting.

**(U) FUNCTIONS**
- (S) Develop implementing directives and instructions.
- (S) Review and approve agency implementing regulations.
- (S) Review requests for original classification authority from agencies.
- (U) Maintain liaison relationships with agency counterparts and conduct on-site and document reviews to monitor agency compliance.
- (S) Develop and disseminate security education materials for Government and industry; monitor security education and training programs.
- (S) Receive and take action on complaints and suggestions with respect to the administration of the program established under the Order.
- (U) Collect and analyze relevant statistical data and, along with other information, report them annually to the President.

**(U) GOALS**
- (U) Promote programs for protection of classified and controlled unclassified information.
- (U) Reduce classification and control activity to the minimum necessary.
- (S) Ensure that the systems for declassification and decontrol operate as required.
- (S) Provide expert advice and guidance to constituents.
- (U) Collect, analyze, and report valid information about the status of agency programs.



**(U) Original Classification Authorities FY 2015**

(U) Number of OCAs

- 1,500
- 1,000
- 500
- 0

850 — Top Secret
1,336 — Secret
13 — Confidential

**(U) Classification Level**

**(S) Total Number of OCAs: 2,199**

## (U) Plasmodium Life Cycle

- (S) Mosquito bite
- (S) Sporozoites enter blood
- (U) Travel to liver
  - (U)Hepatocytes
  - (S) Asexual growth
    - (U) Schizonts → merozoites
  - (S) Merozoites to blood
- (U) Merozoa to blood
  - (U) Infect RBC
    - (U) Release trophozoites, merozoites, schizonts
  - (C) Merozoite transformation
    - (C) Gametocytes
- (S) Passed to new mosquito
  - (S) Sexual cycle

SECRET
SECRET

(U) Plasmodian Life Cycle

Portion marking of the title of the picture

Portion marking of the picture

## Overall Classification Marking

➢ The overall classification of a document is determined by the highest level of classification of any one portion within the document.
➢ Conspicuously place the overall classification at the top and bottom of the page.
➢ If the document contains more than one page, place the overall marking at the top and bottom of the outside of the front cover, on the title page, on the first page, and on the outside of the back cover (if any).
➢ Mark other internal pages either with the overall classification or with a marking indicating the highest classification level of information contained on that page.

### *Examples of overall classification markings*

---

**SECRET**

Subject:  (U) Required Elements of Marking

1.  (S) The implementing directive, 32 CFR 2001.21, defines a portion as "ordinarily a paragraph, but including subjects, titles, graphics, tables, charts, bullet statements, sub-paragraphs, classified signature blocks, bullets, and other portions within slide presentations.

   a.  (U) All portions must be appropriately marked to indicate which portions are classified and which portions are not classified.

**SECRET**

---

**TOP SECRET**

- (U) Main bullet point 1
  - (S) Sub-bullet 1
  - (U) Sub-bullet 2
  - (TS) Sub-bullet 3
  - (C) Sub-bullet 4
  - (S) Sub-bullet 5

**TOP SECRET**



**SECRET**

(U) This slide demonstrates how to properly portion mark a slide that contains a chart, graph, picture, etc.  The title of the graph is portion marked and the graph as a separate object is portion marked.

(U) The text is also portion marked.

**(U) Declassification**

- 1st Qtr
- 2nd Qtr
- 3rd Qtr
- 4th Qtr

**SECRET**

**SECRET**

---

*NOTE:  Some agencies require additional dissemination and control markings that accompany the overall classification markings.*
*Contact your security manager for agency-specific guidelines.*

## Overall Classification Marking

*Examples of overall classification markings*



SECRET

(U) 2015 REPORT TO THE PRESIDENT

ISOO

SECRET

**SECRET**

(U) ISOO'S MISSION
(S) We support the President by ensuring that the Government protects and provides proper access to information to advance the national and public interest. We lead efforts to standardize and assess the management of classified and controlled unclassified information through oversight, policy development, guidance, education, and reporting.

(U) FUNCTIONS
• (S) Develop implementing directives and instructions.
• (S) Review and approve agency implementing regulations.
• (S) Review requests for original classification authority from agencies.
• (U) Maintain liaison relationships with agency counterparts and conduct on-site and document reviews to monitor agency compliance.
• (S) Develop and disseminate security education materials for Government and industry; monitor security education and training programs.
• (S) Receive and take action on complaints and suggestions with respect to the administration of the program established under the Order.
• (U) Collect and analyze relevant statistical data and, along with other information, report them annually to the President.

(U) GOALS
• (U) Promote programs for protection of classified and controlled unclassified information.
• (U) Reduce classification and control activity to the minimum necessary.
• (S) Ensure that the systems for declassification and decontrol operate as required.
• (S) Provide expert advice and guidance to constituents.
• (U) Collect, analyze, and report valid information about the status of agency programs.

**SECRET**

---

**SECRET**

**(U) Examples of PowerPoint Slide Markings**

May 27, 2010

**SECRET**

---



**SECRET**
**(U) Original Classification Authorities FY 2015**

(U) Number of OCAs

- Top Secret: 850
- Secret: 1,336
- Confidential: 13

(U) Classification Level
**(S) Total Number of OCAs: 2,199**

**SECRET**

---

NOTE:  Some agencies require additional dissemination and control markings that accompany the overall classification markings.
Contact your security manager for agency-specific guidelines.

# Section 1: Required Elements of Marking

## Classification Authority Block

**This is the classification authority block for an <u>originally classified document</u>.**

OCA name and position, or personal identifier

The category of classified information annotated in Section 1.4 of E.O. 13526

Declassification instruction, not to exceed 25 years from the date of the document

Classified By:  John E. Doe, Chief, Division 5
Reason:  1.4(a)
Declassify On:  20150627

> *NOTE:  If not otherwise evident, the agency and office of origin shall be identified and placed immediately following the name and position, or personal identifier provided in the "Classified By" line.*

---

- ✓ A date or event that is less than 10 years from the date of original classification (date of document is July 1, 2010)

  > Classified By:  John E. Doe, Chief Division 5
  > Reason:  1.4(a)
  > **Declassify On:  20180701**

- ✓ A date that is 10 years from the date of the original classification decision (date of document is July 1, 2010)

  > Classified By:  John E. Doe, Chief Division 5
  > Reason:  1.4(a)
  > **Declassify On:  20200701**

- ✓ A date not to exceed 25 years from the date of the original classification decision (date of document is July 1, 2010).

  > Classified By:  John E. Doe, Chief Division 5
  > Reason:  1.4(a)
  > **Declassify On:  20350701**

- ➤ Exceptions to this sequence:

  - ✓ If the information should clearly and demonstrably be expected to reveal the identity of a confidential human source or a human intelligence source, the duration of classification shall be up to 75 years and shall be designated as 50X1-HUM.

    > Classified By:  John E. Doe, Chief Division 5
    > Reason:  1.4(c)
    > **Declassify On:  50X1-HUM**

  - ✓ If the information should clearly and demonstrably be expected to reveal key design concepts of weapons of mass destruction, the duration shall be up to 75 years and shall be designated as 50X2-WMD.

    > Classified By:  John E. Doe, Chief Division 5
    > Reason:  1.4(h)
    > **Declassify On:  50X2-WMD**

> *NOTE:  When <u>50X1-HUM </u>and <u>50X2-WMD</u> are used, a specific date or event for declassification of the information will not be used.  Approval by the ISCAP is not required prior to agency use of 50X1-HUM or 50X2-WMD; however, agencies should provide details in their classification guides concerning the use of these markings to enable effective use.*

036

## Classification Authority Block

**This is the classification authority block for a <u>derivatively classified document.</u>**

Name and position, or personal identifier of the individual who created the document. Do not use group name, office name**,** or team name.

The source of the information

Declassification instruction

Classified By:  Joe Carver, Director
Derived From:  Department of Good Works Memorandum
  dated June 27, 2010, Subj:  (U) Examples
Declassify On: 20150627

> *NOTE:  If not otherwise evident, the agency and office of origin shall be identified and placed immediately following the name and position, or personal identifier provided in the "Classified By" line.*

Derivative classification is the act of incorporating, paraphrasing, restating, or generating in new form information that is already classified, and marking the newly developed material consistent with the markings of the source information.  The source information ordinarily consists of a classified document or documents, or a classification guide issued by an original classification authority.

When using a classified source document as the basis for derivative classification, the markings on the source document determine the markings to be applied to the derivative document.  When using a classification guide as the basis for derivative classification, the instructions provided by the guide are to be applied to the derivative document.

**For documents derived from a single source:**

**Classified By:**  Name and position, or personal identifier of the individual who created the document.  Do not use group name, office name**,** or team name.

**Derived From:**  <u>Precisely</u> identify the source document or the classification guide on the ''Derived From'' line.

**Declassify On:**  The derivative classifier shall carry forward the instructions on the ''Declassify On'' line from the source document to the derivative document, or the duration instruction from the classification or declassification guide.

> *NOTE:  The date for declassification may be displayed either by spelling out the month (June 27, 2015), or numerically (20150627).  When displayed numerically, the following format must be used:  YYYYMMDD.*

# Section 1: Required Elements of Marking

## Classification Authority Block

**For Documents Derived From Multiple Sources**

**Classified By:**  Name and position, or personal identifier of the individual who created the document.  Do not use group name, office name**,** or team name.

**Derived From:**  Multiple Sources

The derivative classifier shall include a listing of the source materials on, or attached to, each derivatively classified document.  There is no required placement of the source list within the document, only that it be included in, or attached to, the document.

> (U) Sources:
>
> 1.  (U) Dept of Good Works Memorandum dated May 30, 2015, Subj:  Examples
> 2.  (U) Dept of Good Works Memorandum dated June 27, 2017, Subj:  Examples
> 3.  (U) Radar SCG dated February 2, 2006, Section 2, item 7.

**Declassify On:  T**he declassification date for the newly created document will be the most restrictive date (the date that keeps the document classified for the longest period of time) from the multiple sources:

> Source Document 1 - **Declassify On:  20400530**
> Source Document 2 - **Declassify On:  20420627**
> Source Document 3 - **Declassify On:  20260202**

> Classified By:  Peggy Ushman, Senior Program Analyst, ISOO
> Derived From:  Multiple Sources
> Declassify On:  20420627

> (U) Sources:
> 1.  (U) Dept of Good Works Memorandum dated May 30, 2015, Subj:  Examples
> 2.  (U) Dept of Good Works Memorandum dated June 27, 2017, Subj:  Examples
> 3.  (U) Radar SCG dated February 2, 2006, Section 2, item 7.

# Section 1: Required Elements of Marking

## Classification Authority Block

A document derivatively classified on the basis of a source document that is itself marked "Multiple Sources" shall cite the source document on its "Derived From" line rather than the term "Multiple Sources."

**Source Document**

**SECRET**



Department of Good Works
Washington, D.C. 20006

June 27, 2014

MEMORANDUM FOR THE DIRECTOR

From:  John E. Doe, Chief Division 5

Subject:  (U) Examples

1. (U) Paragraph 1 contains "Unclassified" information. Therefore, this portion will be marked with the designation "U" in parentheses preceding the portion.

2. (S) Paragraph 2 contains "Secret" information. Therefore, this portion will be marked with the designation "S" in parentheses preceding the portion.

Classified By:  John E. Doe, Chief Division 5
**Derived From:  Multiple Sources**
Declassify On:  20200627

**SECRET**

**Derivative Document**

**SECRET**



Department of Information
Washington, D.C. 20008

July 15, 2016

MEMORANDUM FOR AGENCY OFFICIALS

From:  Joe Carver, Director

Subject:  (U) Examples

1. (S) Paragraph 1 contains information from Paragraph 2 in the source document and is therefore marked (S).

2. (U) Paragraph 2 contains "Unclassified" information. Therefore, this portion will be marked with the designation "U" in parentheses preceding the portion.

Classified By:  Joe Carver, Director
**Derived From:  Department of Good Works Memorandum dated June 27, 2010, Subj: Examples**
Declassify On:  20200627

**SECRET**

# Section 2:
# Derivative Classification Marking

## Examples

- ➢ The first paragraph from the source document is carried over to the derivative document. The portion marking for that paragraph is carried over.
- ➢ All remaining portions in the derivative document are appropriately marked.
- ➢ The "Classified By" line on the derivative document identifies the creator of this document. Do not use group name, office name, or team name.
- ➢ The "Derived From" line on the derivative document identifies the source document.
- ➢ The "Declassify On" line is carried over from the source document to the derivative document.

### Source document

SECRET

DEPARTMENT OF GOOD WORKS

October 13, 2015

MEMORANDUM FOR THE DIRECTOR

FROM: [name of sender]

SUBJECT: (U) Briefing Memos

(S) General Guidance: Briefing memos should be as concise and focused as possible. Memos should be no more than two pages long. If more information is required, it should be included in attachments to the two-page memo. The memo should clearly present issue(s) to be decided, summarize the key arguments, identify any differences of opinion among advisors or note that there is a consensus recommendation, and set forth the author's recommendation. Briefing memos should not include imbedded requests for decision or feedback.

(U) DISCUSSION

(S) Describe the issue, topic, or event being briefed and include relevant policy implications, if any. Briefing memos should clearly state any differences of opinion about an issue, but should not raise issues for decision.

(U) ATTACHMENTS
Tab A (U) Brief description of first attachment
Tab B (U) Brief description of second attachment

Classified By: Charles Smith, Program Analyst
Derived From: DGW Memo, dtd June 5, 2015, same subject
Declassify On: 20251013

SECRET

### Derivative document

SECRET

May 3, 2016

MEMORANDUM FOR THE STAFF

FROM: [name of sender]

SUBJECT: (U) Briefing Memos

(S) General Guidance: Briefing memos should be as concise and focused as possible. Memos should be no more than two pages long. If more information is required, it should be included in attachments to the two-page memo. The memo should clearly present issue(s) to be decided, summarize the key arguments, identify any differences of opinion among advisors or note that there is a consensus recommendation, and set forth the author's recommendation. Briefing memos should not include imbedded requests for decision or feedback.

(U) Statement of Purpose: Although there is no "purpose" heading, the opening paragraph of a briefing memo should clearly and succinctly state the purpose of the memo and provide background information to frame the issue or topic being briefed.

(U) ATTACHMENTS
Tab A (U) Brief description of first attachment
Tab B (U) Brief description of second attachment

### Creator of the document

Classified By: Stan Jones, Program Analyst
Derived From: DGW Memo, dtd October 13, 2015, same subject
Declassify On: 20251013

SECRET

## Examples

### Source Document

**SECRET**
Information Security Oversight Office (ISOO)

**(U) Examples of PowerPoint Slide Markings**

May 27, 2017

Classified By:  #52497
Derived From:  SCG Title and date
Declassify On:  20420527

**SECRET**

---

**SECRET**
**(U) Example of Markings**

• (S) This bullet contains "Secret" Information. Therefore, this portion will be marked with the designation "S" in parentheses preceding the portion.
• (U) This bullet contains "Unclassified" information. Therefore, this portion will be marked with the designation "U" in parentheses preceding the portion.

**SECRET**

---

### Derivative Document

**SECRET**
October 1, 2017

MEMORANDUM FOR ALL STAFF

FROM:  [name]

SUBJ:  PowerPoint Slide Markings

(U) This is an example of taking information from the source document and placing it in a derivative document.

(S) This paragraph contains "Secret" Information taken from the slide presentation. Therefore, this portion will be marked with the designation "S" in parentheses preceding the portion.

Classified By:  John Brown, Senior Analyst
Derived From:  ISOO Presentation, dated May 27, 2017, Subj:  Examples of PowerPoint Slide Markings
Declassify On:  20420527

**SECRET**

Information taken from the cover slide of the presentation

## Declassification instruction missing from source document

If the source document is missing the declassification instruction, then a calculated date of 25 years from the date of the source document shall be annotated as the declassification date on the newly created document.

If there is no date on the source document, then the "Declassify On" date for the newly created derivative document shall be 25 years from the date the new document is created.

*Source Document*

**SECRET**



Department of Good Works
Washington, D.C. 20006

June 27, 2010

MEMORANDUM FOR THE DIRECTOR

From: John E. Doe, Chief Division 5

Subject: (U) Examples

1. (U) Paragraph 1 contains "Unclassified" information. Therefore, this portion will be marked with the designation "U" in parentheses.

2. (S) Paragraph 2 contains "Secret" information. Therefore, this portion will be marked with the designation "S" in parentheses.

3. (C) Paragraph 3 contains "Confidential" information. Therefore, this portion will be marked with the designation "C" in parentheses.

Classified By: John E. Doe, Chief Division 5
Derived From: DGW SCG, item 4, dated August 4, 2008

**SECRET**

*NOTE: You should always check the appropriate classification guide to ensure the correct classification level and duration of the information.*

Source document missing "Declassify On:"

*Derivative Document*

Classified By: Joe Carver, Director
Derived From: Department of Good Works
   Memorandum dated June 27, 2010, Subj: (U) Examples
**Declassify on: 20350627**

**SECRET**

# Section 6:
# Quick Reference

# Section 6: Quick Reference

Section 6: Quick Reference

## Summary of Classification Authority Block

### Originally Classified Document

Classified By:
Reason:
Declassify On:

### Derivatively Classified Document

Classified By:
Derived From:
Declassify On:

**Classified By:** the name and position, or personal identifier of the individual who created the document. Do not use group name, office name, or team name.

**Reason:** reason [from E.O. 13526, Section 1.4] information is classified. *Annotated only on originally classified documents.*

**Derived From:** information identifying the source document. *Annotated only on derivatively classified documents.*

**Declassify On:** the date the document is to be declassified.

# Section 6: Quick Reference

## Reasons for Classification E.O. 13526, Section 1.4

(a) military plans, weapons systems, or operations

(b) foreign government information

(c) intelligence activities (including covert action), intelligence sources or methods, or cryptology

(d) foreign relations or foreign activities of the United States, including confidential sources

(e) scientific, technological, or economic matters relating to the national security

(f) United States Government programs for safeguarding nuclear materials or facilities

(g) vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security

(h) the development, production, or use of weapons of mass destruction

046

# Section 6: Quick Reference

## 25X Exemptions from Automatic Declassification E.O. 13526, Section 3.3(b)

Specific information, the release of which should clearly and demonstrably be expected to:

(1) reveal the identify of a confidential human source, a human intelligence source, a relationship with an intelligence or security service of a foreign government or international organization, or a non-human intelligence source; or impair the effectiveness of an intelligence method currently in use, available for use, or under development

(2) reveal information that would assist in the development, production, or use of weapons of mass destruction

(3) reveal information that would impair U.S. cryptologic systems or activities

(4) reveal information that would impair the application of state-of-the-art technology within a U.S. weapon system

(5) reveal formally named or numbered U.S. military war plans that remain in effect, or reveal operational or tactical elements of prior plans that are contained in such active plans

(6) reveal information, including foreign government information, that would cause serious harm to relations between the United States and a foreign government, or to ongoing diplomatic activities of the United States

(7) reveal information that would impair the current ability of United States Government officials to protect the President, Vice President, and other protectees for whom protection services, in the interest of the national security, are authorized

(8) reveal information that would seriously impair current national security emergency preparedness plans or reveal current vulnerabilities of systems, installations, or infrastructures relating to the national security

(9) violate a statute, treaty, or international agreement that does not permit the automatic or unilateral declassification of information at 25 years.

## 50X Exemptions from Automatic Declassification E.O. 13526, Section 3.3(h)

(1) the identity of a confidential human source or a human intelligence source **(50X1-HUM)**
(2) key design concepts of weapons of mass destruction **(50X2-WMD)**
(3) in extraordinary cases, additional specific information formally approved by the ISCAP **(50X__)**

## 75X Exemptions from Automatic Declassification E.O. 13526, Section 3.3(h)(3)

Specific information that has been formally approved by the ISCAP.

# The Information Security Oversight Office
The National Archives Building
700 Pennsylvania Avenue, NW
Washington, DC  20408


Phone:  202-357-5250
Fax:  202-357-5907
E-mail:  isoo@nara.gov
Web page:  [www.archives.gov/isoo](www.archives.gov/isoo)


**ISOO Training:**
E-mail:  isootraining@nara.gov
Web Page:  [www.archives.gov/isoo/training](www.archives.gov/isoo/training)



NATIONAL
ARCHIVES